United States District Court
Southern District of Texas
**ENTERED**
August 10, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HECTOR CRUZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-165 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## ORDER ABATING CASE

Before the Court is "Defendant State Farm Lloyds' Verified Motion to Abate Subject to 12(b)(6) Motion for Partial Dismissal" (D.E. 7). Plaintiffs filed this action in state court on April 13, 2018, to recover damages arising from Defendant's handling of their insurance claim for property destruction wrought by Hurricane Harvey on August 25, 2017. D.E. 1-1, p. 2. On May 29, 2018, Plaintiffs filed their first amended petition, adding State Farm Lloyds as a Defendant and promising to non-suit the prior Defendant, State Farm Lloyds, Inc. D.E. 1-1, pp. 89, 100.

Defendant State Farm Lloyds timely removed the case to this Court and now timely seeks abatement because Plaintiffs failed to give it the 60-day statutory notice of their claims and attorney's fees as required by Texas Insurance Code, §§ 541.154 and 542A.003, as well as the Deceptive Trade Practices Act, Texas Business and Commerce Code (DTPA) § 17.505(a). According to Defendant's verified motion, Plaintiffs failed to give it any notice at all prior to filing their claims.

Pursuant to Insurance Code § 542A.005(c) and DTPA § 17.505(d), Plaintiffs were required to file an affidavit before the 11th day after the filing of the motion to abate in order to prevent the automatic abatement of the lawsuit. Plaintiffs did not file such an affidavit. Thus, under the letter of Texas law, this matter should be considered abated—automatically and without necessity of court order—as of July 21, 2018.

When a federal court sits in diversity jurisdiction, procedural matters are governed by federal law. *E.g., Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Pursuant to Local Rule 7.3, opposed motions will be submitted to the judge 21 days from filing. The motion to abate was filed on July 10, 2018, and its submission date was July 31, 2018. Respondents have not filed a response to the motion. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition to the relief sought.

The Court need not determine whether the Texas Insurance Code and DTPA deadline for a controverting affidavit is a matter of substantive or procedural law. On the record of this case, whether the 10-day Texas requirement is imposed or the 21-day federal procedural requirement is imposed, Plaintiffs failed to take the action necessary to controvert Defendant's claim to relief. After reviewing Defendant's request for abatement on the merits, the Court finds that the motion is well-taken.

Therefore, the Court ORDERS that the motion (D.E. 7) is GRANTED and this action is ABATED until the sixty-first day after Plaintiffs give Defendant the necessary notice of their claims and the amount of attorney's fees.

Despite the abatement, Plaintiffs are ORDERED to file with the Court their advisory stating that they have given Defendant the necessary notice within five (5) days

of the date such notice is provided so that the Court may calculate the date the abatement is to be lifted.

ORDERED this 10th day of August, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE